UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN RE:  MODERN SPORTS, INC.  Case No. 13-
 Judge
 Debtor-in-Possession.  Chapter 11

## AFFIDAVIT OF GEORGE LEICHTWEIS IN SUPPORT OF PETITIONS, FIRST DAY MOTIONS AND OTHER EXPEDITED RELIEF

I, George Leichtweis, affirm under penalties of perjury the following:

1. I am the Manager and Chief Executive of Modern Sports, Inc. ("Modern," "Debtor," or "Debtor-in-Possession"), the Debtor and Debtor-in-Possession in the above captioned case (the "Chapter 11 Case"). I submit this affidavit in support of the petitions for relief filed by the Company, the First Day Motions seeking immediate relief to continue business, and other expedited relief being sought by the Debtor.

2. I have reviewed each of the applications and motions discussed herein (including the exhibits thereto) and I believe the relief sought in each (a) is vital to enable the Company to make the transition to, and to operate in, Chapter 11 with a minimum of interruption or disruption to the businesses or loss of productivity and (b) constitutes a critical element in achieving the Company's successful reorganizations. Any capitalized terms not expressly defined herein shall have the meaning ascribed to that term in the relevant first day application or motion.

3. Except as otherwise indicated, all facts set forth in this Affidavit are based upon my personal knowledge, my review of relevant documents, my opinion, my experience and

knowledge of the Company's operations and financial condition, or are based upon the experience and knowledge of the Company's employees, as reported to me. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized on behalf of the Company to submit this Affidavit.

COMPANY'S BACKGROUND AND EVENTS LEADING TO CHAPTER 11 FILINGS

4. Modern Sports is one of the oldest independent retailers of skateboard and snowboard clothing, equipment and accessories in the nation. Founded in 1979 by myself as owner, Modern Sports has survived numerous economic up and down swings and the vagaries of fashion and fads and continues as one of nation's iconic retail brands in its line of business.

5. Today, Modern Sports operates retail stores in three locations, East Lansing, MI, Madison Heights, MI and Royal Oak, MI. Modern Sports operates its East Lansing and Madison Heights locations via leases it has with individual landlords. Its Madison Heights landlord is an entity wholly owned by myself and the East Lansing landlord is an unrelated third party. Modern Sports' Royal Oak store also leases from an entity wholly owned by myself, 29862 Woodward LLC ("Woodward"). Woodward's sole asset is the real estate located at 29862 Woodward, Royal Oak, MI. Woodward and Modern Sports are co-obligors on a significant amount of secured debt which is cross-collateralized by Woodward's real estate and Modern Sports' inventory, fixtures and accounts.

6. There are numerous factors contributing to the Debtor's need for bankruptcy relief, most predominant however, is (a) the decline in the local and national economy, which caused a credit freeze and Debtor's customers shop less frequently and spend less when they do and (b) the rise of internet only based retailers. Additionally, Debtor's senior secured creditor is

FirstMerit Bank, N.A. successor to Citizens Bank ("FirstMerit"), and it has obtained a Judgment against Debtor stemming from promissory notes executed by the Debtor.

FIRST DAY MOTIONS

*A. Motion for Use of Cash Collateral*

7. I have reviewed the Debtors' First Day Motion For And Use Of Cash Collateral; Requesting Preliminary and Final Hearing ("Cash Collateral Motion") and support the Debtors' request on the terms and conditions contained in the Cash Collateral Motion. The Debtor finances its operations out of the cash it generates through the operation of its business, if it is not allowed to continue to use this cash, it cannot operate and will be forced to liquate to the detriment of all of its creditors and employees. To avoid immediate irreparable harm, the Debtor seeks the use of up to $125,000.00 through the earlier of the final hearing on this matter or the time when the interim order becomes a final order to fund its operations as set forth in the Cash Collateral Motion.

*B. Motion to Pay Prepetition Employee Wage Claims*

7. I have reviewed the Debtor's First Day Motion to Pay Prepetition Wages and Other Obligations to Employees and to Pay Insurance Premiums (the "Employee Obligations Motion"). As of the Petition Date, the Debtor employs approximately 15 active Employees that provide a myriad of services to the Debtors.

9. Based upon my review of the Employee Obligations Motion, it is my understanding that the Debtors are requesting the Court to enter an order authorizing, but not directing, the Debtors to pay or otherwise honor prepetition wages, salaries and commissions, and prepetition obligations arising under the various employee benefit programs (collectively, the "Employee Obligations"), owing to the Debtors' current and former employees, independent

contractors, including those provided by temporary agencies that are currently under formal or informal contract (collectively, the "Employees"). The Debtors are further seeking authority to continue various employee benefit programs (the "Employee Benefit Programs") in the ordinary course of business, including: (i) employee leave policies; (ii) expense reimbursement; (iii) severance programs; (iv) medical, dental, and disability insurance; (v) flexible spending accounts; (vi) workers' compensation programs; and (vii) other miscellaneous benefit programs including, employee relocation assistance, substance abuse and other counseling services.

10. The Debtors also are seeking authorization to pay payroll-related taxes relating to prepetition periods including, but not limited to, all federal, state and local withholding taxes, Social Security taxes and Medicare taxes, as well as all other withholdings such as union dues, charitable contributions and garnishment contributions. The Debtors are also seeking authority to pay the premiums of health insurers due for prepetition benefit periods. Finally, the Debtors are seeking the entry of an order directing all banks and other financial institutions to honor the Debtors' prepetition checks for payment of the Employee Obligations and prohibiting banks from placing any holds on, or attempting to reverse, any automatic transfers to Employees' accounts for Employee Obligations.

11. I believe that the relief requested in the Employee Obligations Motion is necessary – indeed crucial – because Employees are vital to the continued operation of the Debtors' businesses and to their successful reorganization. In order to retain their Employees and maintain morale, I believe that the Debtors must have authority to pay or otherwise satisfy the Employee Obligations. The amounts to be paid to Employees pursuant to the Employee Obligations Motion are reasonable compared with the importance and necessity of the Employees and the losses the Debtors will likely suffer if these amounts are not paid. None of

the requested amounts to be paid per individual employee are expected to total more than the priority amount provided to these types of claims under Section 507(a)(4) and (5) of the Bankruptcy Code.

12. Accordingly, I believe that the Debtors should be authorized to pay the Employee Obligations in the ordinary course of business.

Pursuant to 26 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on November 26, 2013 at MT CLEMENS, Michigan.

George Leichtweis, its sole shareholder
Modern Sports, Inc.

Subscribed and sworn to before me this
November 26, 2013

Notary Public, Abbey Fenlin
Macomb County acting in Macomb County
My Commission Expires: 3/16/2020